Jason A. James (Bar No. 265129)
jjames@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
1000 Wilshire Boulevard, Suite 1860
Los Angeles, California 90017-2457
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Plaintiff in Interpleader
LIFE INSURANCE COMPANY OF THE SOUTHWEST

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas Corporation,<br><br>Plaintiff in Interpleader,<br><br>vs.<br><br>JOEY MUA, an individual; LILLIAN MUA, an individual; YOUA LEE, individually and as Guardian ad Litem for C.A.M., a minor, and E.K.M., a minor; and MAINHIA VUE, an individual,<br><br>Defendants in Interpleader. | Case No.<br><br>**COMPLAINT IN INTERPLEADER** |

Plaintiff LIFE INSURANCE COMPANY OF THE SOUTHWEST ("LSW"), by way of this Complaint in Interpleader, alleges as follows:

1. This is a suit in interpleader involving disinterested stakeholder LSW and conflicting claims to life insurance benefits on the life of Da Mua ("Da") by defendants JOEY MUA ("Joey"); LILLIAN MUA ("Lillian"); YOUA LEE ("Lee"), individually and as Guardian ad Litem for minors C.A.M. an E.K.M; and MAINHIA VUE ("Vue").

## THE PARTIES

2. LSW is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Addison, Texas. LSW is authorized to transact and is transacting the business of insurance in the State of California.

3. LSW is informed and believes, and on that basis alleges, that defendant Joey is, and at all times relevant herein was, a resident and citizen of the State of California, County of Merced.

4. LSW is informed and believes, and on that basis alleges, that defendant Lillian is, and at all times relevant herein was, a resident and citizen of the State of California, County of Merced.

5. LSW is informed and believes, and on that basis alleges, that defendant Lee is, and at all times relevant herein was, a resident and citizen of the State of California, County of Merced.

6. LSW is informed and believes, and on that basis alleges, that defendant Vue is, and at all times relevant herein was, a resident and citizen of the State of California, County of Merced.

## JURISDICTION AND VENUE

7. This is an interpleader action of a civil nature brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the suit is between diverse parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because one or more of the defendants reside in this judicial district, and a substantial part of the events giving rise to this action occurred in this judicial district.

## FACTS

10. On September 18, 2013, LSW issued life insurance policy no. LS0362756 to Da with a face amount of $250,000 (the "Policy"). At the time of issuance, the Policy beneficiaries were Joey (25%), Lillian (25%), C.A.M. (25%), and E.K.M. (25%). A copy of the Policy is attached hereto as Exhibit A.

11. LSW is informed and believes, and on that basis alleges, that Da passed away on October 8, 2020.

12. After being advised of Da's death, LSW sent correspondence to Joey and Lillian, requesting that they provide (1) Da's death certificate, (2) an appointment of guardianship for C.A.M. and E.K.M., and (3) completed Claimant Statements for each of the four beneficiaries.

13. On October 20, 2020, LSW received a letter from Vue in which she stated she was Da's legal wife. Vue provided a copy of her marriage license, which identified a marriage date of June 1, 2014. Vue stated that her and Da had been paying for the Policy from their joint account, and that she was making "a claim of up to 50% of the policy" under California law. Vue requested that LSW put a hold on the Policy and not release the death benefit to anyone until the matter was resolved. A copy of Vue's letter is attached hereto as Exhibit B.

14. On or about November 25, 2020, Lee sent a letter to LSW stating she was the legal guardian for C.A.M. and E.K.M. She enclosed Claimant Statements for C.A.M. and E.K.M. requesting lump sum payments of the Policy death benefit. Lee also stated in the letter that as Da's ex-spouse, she believed she had a vested interest in the Policy because it was "an existing marital asset under community property laws." A copy of Lee's November 25, 2020 letter is attached hereto as Exhibit C. Copies of the Claimant Statements submitted by Lee on behalf of C.A.M. and E.K.M. are attached hereto as Exhibit D.

15. On or about November 25, 2020, Joey submitted a letter and a Claimant Statement to LSW requesting a lump sum payment of the Policy death benefit. Copies of Joey's letter and Claimant Statement are attached hereto as Exhibit E.

16. On or about November 25, 2020, Lillian submitted a letter and a Claimant Statement to LSW requesting a lump sum payment of the Policy death benefit. Copies of Lillian's letter and Claimant Statement are attached hereto as Exhibit F.

17. On December 11, 2020, attorney Bruce Hendricks wrote to LSW stating that he represented Vue and that all premiums paid on the Policy from June 1, 2014 forward were paid with community property funds. Mr. Hendricks also wrote that Vue

1 claimed an interest in the Policy proceeds. A copy of Mr. Hendricks' December 11, 2020 letter is attached hereto as Exhibit G.

18. On October 16, 2021, the California Superior Court for the County of Merced issued Letters appointing Lee as guardian of the estates of C.A.M. and E.K.M. Copies of the court documents are attached hereto as Exhibit H.

19. On December 6, 2021, Lee demanded payment of the Policy death benefit according to the Policy's original beneficiary designations. A copy of Lee's December 6, 2021 letter is attached hereto as Exhibit I.

20. On December 28, 2021, attorney Hendricks wrote to LSW, stating that Vue still claimed an interest in the Policy death benefit. A copy of Mr. Hendricks' December 28, 2021 email is attached hereto as Exhibit J.

21. LSW is informed and believes, and on that basis alleges that the defendants attempted to resolve this dispute among themselves but were unable to do so.

22. Given the competing claims to the Policy death benefit, LSW has not made payment under the Policy to any of the claimants.

### FIRST CLAIM FOR RELIEF FOR INTERPLEADER

23. LSW incorporates by reference all preceding paragraphs as if fully set forth herein.

24. LSW is informed and believes, and on that basis alleges that a controversy exists with respect to the proceeds of the Policy due to the rival claims by defendants Joey; Lillian; Lee, individually and as guardian for C.A.M. and E.K.M.; and Vue.

25. LSW alleges that there are proceeds payable under the Policy in the amount of $265,924.36, plus interest accrued at the applicable rate. LSW claims no beneficial interest in the proceeds due under the Policy, as it is a mere stakeholder with respect to the proceeds under the Policy. LSW has at all times been, and is now, ready, willing, and able to pay the sums due under the Policy to the person(s) legally entitled thereto.

26. As a result of the facts and circumstances set forth above, which facts and circumstances relate to potential conflicting claims for the proceeds of the Policy, LSW cannot definitively or safely determine to whom payment of these proceeds should be made. As a consequence, LSW cannot disburse the proceeds of the Policy without incurring significant risks of multiple liability and duplicative litigation.

27. Upon leave of this Court, LSW shall deposit with the Clerk of this Court a check for the total proceeds payable under the Policy, which amounts to $265,924.36, plus all applicable interest on that amount to date.

28. This Complaint in Interpleader is brought in good faith and without collusion with any of the defendants.

29. This action is necessary for LSW to avoid a multiplicity of actions, unnecessary costs, attorneys' fees, and expenses of suit, and to prevent irreparable harm and damage to LSW.

30. As a result of the conflicting claims to the Policy death benefit, LSW has incurred attorneys' fees and costs and continues to incur attorneys' fees and costs to investigate and establish the facts pertinent to the conflicting claims for the Policy death benefit. To that end, LSW has retained the firm of Meserve, Mumper & Hughes LLP to provide legal services and to protect LSW's interests. LSW has agreed to pay Meserve, Mumper & Hughes LLP reasonable attorneys' fees for its services. LSW requests that its costs and reasonable attorneys' fees incurred in the filing and prosecution of this action be reimbursed from the sums deposited by LSW with the Clerk of this Court in this action.

31. LSW is entitled to an injunction against all defendants, enjoining them, during the pendency of this action and permanently, from instituting or prosecuting any proceeding in any state or federal court against LSW in any way connected to the Policy, including the Policy death benefit at issue herein, or affecting the rights and obligations as among the parties to this action.

## PRAYER FOR RELIEF

WHEREFORE, LSW respectfully requests that this Court grant the following relief:

1. That each defendant, their agents, attorneys, and representatives and all persons claiming by, through, or under them, be enjoined and restrained from instituting or prosecuting any suit or proceeding or any action or actions in any state court or federal court against LSW or any of its agents on account of or relating to the Policy and/or the Policy death benefit during the pendency of this action and permanently thereafter;

2. That LSW be discharged and released from any and all further liability under the Policy as to each defendant and any persons claiming by, through or under them, and that LSW be dismissed with prejudice from all further proceedings in this action;

3. That this Court allow LSW a reasonable sum for its attorneys' fees and costs of suit incurred in the preparation and prosecution of this action and that this sum be paid out of the proceeds of the Policy or as the Court deems proper;

4. That this Court decree this Complaint in Interpleader to be properly filed and brought in good faith; and

5. For such other and further relief as the Court deems just and proper.

Dated: January 19, 2022

Jason A. James
MESERVE, MUMPER & HUGHES LLP

By: */s/ Jason A. James*
Jason A. James
Attorneys for Plaintiff in Interpleader
LIFE INSURANCE COMPANY OF THE SOUTHWEST