UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE INSURANCE COMPANY OF THE SOUTHWEST,<br><br>　　　　　　　Plaintiff in Interpleader,<br><br>v.<br><br>JOEY MUA, et al.,<br><br>　　　　　　　Defendants in Interpleader | Case No.　1:22-cv-00075-ADA-EPG<br><br>ORDER REQUIRING SUPPLEMENT TO APPLICATION FOR APPROVAL OF MINORS' SETTLEMENT<br><br>(ECF No. 28) |

**I.　BACKGROUND**

Plaintiff Life Insurance Company of the Southwest initiated this action on January 19, 2022, by filing a complaint in interpleader regarding the disbursement of funds from a life insurance policy among individuals with conflicting claims to those benefits, Defendants Joey Mua, Lillian Mua, Mainhia Vue, and Youa Lee, individually, and as the guardian ad litem for Minors C.A.M. and E.K.M. (ECF No. 1). The Court's jurisdiction over this matter is based on the parties' diversity of citizenship. (*Id.* at 2); *see* 28 U.S.C. § 1332. Among other documents attached to the complaint, is a copy of an order, dated October 16, 2021, from the Merced Superior Court, appointing Youa Lee as the guardian for C.A.M. and E.K.M. (ECF No. 1-8).

After obtaining the Court's approval (ECF No. 18), Plaintiff deposited $266,865.05 in the Court's Registry. (ECF No. 19). With the deposit of the funds, Plaintiff was terminated as a party to this action. (ECF No. 18).

1

On December 9, 2022, the remaining parties notified the Court that they had reached a settlement following a private mediation on December 1, 2022. (ECF No. 25). On December 14, 2022, the parties filed a stipulation regarding their settlement, accompanied by a proposed order for the distribution of the funds in the Court's Registry. (ECF No. 27). The same day, Lee[1] filed an application for approval of the settlement as to the Minors. (ECF No. 28). Of the roughly $266,865.05[2] in funds to be disbursed, the settlement calls for $115,000 to be disbursed to Vue, with the remainder of the amount to be disbursed in 25% shares to Joey Mua, Lillian Mua, C.A.M. and E.K.M. (*Id.* at 4). For the Minors, after the deduction of attorney fees and costs, the remaining amounts will be placed in a blocked account for each, with no withdrawals being permitted until they turn eighteen. (*Id.* at 4, 8).

No opposition to the application has been filed and the time to oppose the application has expired. *See* Local Rule 230(c). On January 12, 2023, the presiding District Judge referred the application to the undersigned for findings and recommendations or other appropriate action. (ECF No. 29). Upon review of the application, the Court will require a supplement filing.

## II.    LOCAL RULE 202

Under Local Rule 202(a), there must be (1) evidence presented regarding the appointment of a representative for a minor under state law, (2) a motion to appoint a guardian ad litem, or (3) a showing that no such appointment is needed to ensure adequate representation for the minor. The Court concludes that this requirement has been satisfied by a copy of the order being filed in the record showing that Lee has been appointed as the guardian of Minors C.A.M. and E.K.M. under California law. (ECF No. 1-8).

Under Local Rule 202(b), no minor's claim may be settled absent a court order approving the settlement. There are two methods to obtain court approval. The first applies in cases where the minor "is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction." Local Rule 202(b)(1). In such cases, "the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative," and following

---

[1] The application states that Lee is the Minors' mother.
[2] An exact amount is not available because of interest accruing on the funds.

such approval, "a copy of the order and all supporting and opposing documents . . . shall be filed in the District Court with a copy to all parties and to the Judge or Magistrate Judge who may either approve the settlement or compromise without hearing or calendar the matter for hearing." *Id.*

The second method applies in all other cases and requires a party to file a motion for approval of the minor's settlement. Local Rule 202(b)(2). The following information must be disclosed:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

*Id.*

The requirements of Local Rule 202(b) have not been met here. Because Lee has been appointed the Minors' guardian under California Law, and this is not an action over which the Court has exclusive jurisdiction, *see, e.g.*, 28 U.S.C. § 1333, Lee would be expected to first seek state court approval of the Minors' settlement under Local Rule 202(b)(1). However, Lee has not submitted any state court order for the Court's review but has instead pursued the second method of court approval under Local Rule 202(b)(2) by filing an application for approval of the Minors' settlement. Given these circumstances, the Court will order Lee to first provide proof of the state court's approval of the Minors' settlement or explain why such approval is not necessary. *See Duwayne C. v. Merced City Sch. Dist.*, No. 1:19-CV-01188-BAM, 2021 WL 411110, at *2 (E.D. Cal. Feb. 5, 2021) (requiring Plaintiff to address whether state court had approved a minor's settlement under Local Rule 202(b)(1) or explain why such approval was not required).

Next, the Court notes the following requirements of Local Rule 202(c):

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Local Rule 202(c).

While the application here addresses some of these questions, such as noting that counsel expects to receive compensation, it does not answer all the questions, such as the amount of compensation that counsel expects to receive. (ECF No. 28, p. 7). Accordingly, the Court will order Lee to specifically address all the information required by Local Rule 202(c).

### III.    MISCELLANEOUS CONCERNS

Before concluding, the Court notes other concerns with Lee's application. First, the declaration of Attorney Joseph Fogel states that C.A.M. was born in 2008 and E.K.M. was born in 2004. However, a state court filing attached to the complaint identifies the Minors' birth years as 2008 and 2006. (ECF 1-8, p. 7). Moreover, if E.K.M. was born in 2004, that would mean that E.K.M. is now at least eighteen years old and thus would not be a minor under California law. *See Student A v. Berkeley Unified Sch. Dist.*, No. 17-CV-02510-MEJ, 2017 WL 2171254, at *2 (N.D. Cal. May 17, 2017) (noting that, under Fed. R. Civ. P. 17(b), California law applied to determining capacity to be sued of Plaintiffs domiciled in California and that California law defines a minor as a person under eighteen years of age); *see* Cal. Fam. Code § 6500 (defining minor as person under eighteen years of age). Based on these circumstances, the Court will direct Lee to address E.K.M.'s age and whether E.K.M.'s settlement requires this Court's approval.

Second, the Court notes that Lee has attached a state court form to the application regarding the approval of the Minors' settlement. Among other things, the form asks whether the attorney for the Minors is representing any other party. (ECF No. 28-1, p. 7). The form states the attorney for the Minors is not representing any other party, but that is incorrect. In addition to representing the Minors, Attorney Joseph Fogel represents Youa Lee, Joey Mua, and Lillian Mua. According to the complaint, all of these individuals claimed an interest in the life insurance benefits at issue. (ECF No. 1, p. 1). Lee is advised that, in pursuing approval of the Minors' settlement through this Court or any other court, she must ensure that she provides accurate information.

### IV.    ORDER

For the reasons given above, IT IS ORDERED as follows:

1. By no later than January 27, 2023, Defendant Youa Lee, shall file a supplement

addressing the following:

  a. In compliance with Local Rule 202(b), she shall provide proof of the state court's approval of the Minors' settlement or explain why such approval is not needed. And if Lee intends to pursue state court approval in the future, she shall provide an estimated date for when she will file a copy of the state court order for this Court's review under Local Rule 202(b)(1).
  b. In compliance with Local Rule 202(c), she shall address all the requirements regarding the attorney's interests in representing the Minors.
  c. She shall confirm E.K.M.'s date of birth. And if E.K.M. is not a minor, Lee shall explain why approval of E.K.M.'s share of the settlement is required.
  d. She shall provide corrections to any incorrect information, including the disclosure of whether counsel for the Minors is representing any other party in this action.

2. Within fourteen days of the filing of Lee's supplement, any other party may file an opposition to the granting of the application. *See* Local Rule 230(c).

IT IS SO ORDERED.

Dated:   **January 17, 2023**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE