UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE INSURANCE COMPANY OF THE SOUTHWEST,<br><br>               Plaintiff in Interpleader,<br><br>     v.<br><br>JOEY MUA, et al.,<br><br>               Defendants in Interpleader. | Case No.   1:22-cv-00075-ADA-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THE APPLICATION FOR APPROVAL OF MINORS' SETTLEMENT BE DENIED WITHOUT PREJUDICE<br><br>(ECF No. 28)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

This matter is before the Court on the application for approval of minors' settlement filed by Defendant Youa Lee, who is the state-appointed Guardian of Minors C.A.M. and E.K.M. (ECF No. 28). As further explained below, the Court concludes that the application is governed by Local Rule 202(b)(1), which states that, "[i]n actions in which the minor or incompetent is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative." Because Lee has been appointed as guardian pursuant to state law, and this is not a case where the United States courts have exclusive jurisdiction, the Court finds that the settlement must first be approved by the state court having jurisdiction over Lee. Accordingly, the Court will recommend that the application be denied without prejudice.

1

**I.     BACKGROUND**

Plaintiff Life Insurance Company of the Southwest initiated this action on January 19, 2022, by filing a complaint in interpleader regarding the disbursement of funds from a life insurance policy among individuals with conflicting claims to those benefits, Defendants Joey Mua, Lillian Mua, Mainhia Vue, and Lee, individually, and as the guardian ad litem for Minors C.A.M. and E.K.M. (ECF No. 1). The Court's jurisdiction over this matter is based on the parties' diversity of citizenship. (*Id.* at 2); *see* 28 U.S.C. § 1332. Among other documents attached to the complaint, is a copy of an order, dated October 16, 2021, from the Merced Superior Court, appointing Lee as the guardian for C.A.M. and E.K.M. (ECF No. 1-8).

After obtaining the Court's approval (ECF No. 18), Plaintiff deposited $266,865.05 in the Court's Registry. (ECF No. 19). With the deposit of the funds, Plaintiff was terminated as a party to this action. (ECF No. 18).

On December 9, 2022, the remaining parties notified the Court that they had reached a settlement following a private mediation on December 1, 2022. (ECF No. 25). On December 14, 2022, the parties filed a stipulation regarding their settlement, accompanied by a proposed order for the distribution of the funds in the Court's Registry. (ECF No. 27). The same day, Lee[1] filed an application for approval of the Minors' settlement. (ECF No. 28). Of the roughly $266,865.05[2] in funds to be disbursed, the settlement calls for $115,000 to be disbursed to Vue, with the remainder of the amount to be disbursed in 25% shares to Joey Mua, Lillian Mua, C.A.M. and E.K.M. (*Id.* at 4). For the Minors, after the deduction of attorney fees and costs, the remaining amounts will be placed in a blocked account for each, with no withdrawals being permitted until they turn eighteen. (*Id.* at 4, 8). No opposition to the application has been filed and the time to oppose the application has expired. *See* Local Rule 230(c).

On January 12, 2023, the presiding District Judge referred the application to the undersigned for findings and recommendations or other appropriate action. (ECF No. 29). On January 17, 2023, the Court requested a supplemental filing to address certain issues including the potential applicability of Local Rule 202. On January 27, 2023, Lee filed a supplement in support

---

[1] The application states that Lee is the Minors' mother.
[2] An exact amount is not available because of interest accruing on the funds.

of the application. (ECF No. 31).

## II.     LOCAL RULE 202

Local Rule 202 governs approval of a minor's settlement. It states, in relevant part:

> (b) Settlement. No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> (1) Initial State Court Approval. In actions in which the minor or incompetent is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative. Following such approval, a copy of the order and all supporting and opposing documents filed in connection therewith shall be filed in the District Court with a copy to all parties and to the Judge or Magistrate Judge who may either approve the settlement or compromise without hearing or calendar the matter for hearing.
>
> (2) Approval in All Other Actions. In all other actions, the motion for approval of a proposed settlement or compromise shall be filed and calendared pursuant to L.R. 230. The application shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .

EDCA Local Rule 202(b). In summary, Local Rule 202(b) requires court approval of a minor's settlement agreement and provides two methods to obtain the approval. The first method applies in cases where the minor "is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction." Local Rule 202(b)(1). In such cases, "the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative," and following such approval, "a copy of the order and all supporting and opposing documents . . . shall be filed in the District Court with a copy to all parties and to the Judge or Magistrate Judge who may either approve the settlement or compromise without hearing or calendar the matter for hearing." *Id.*

Here, Lee was appointed as guardian of the minors by Merced Superior Court. (ECF No.

1-8). The settlement therefore falls under Rule 202(b)(1) and requires state court approval.

Regarding Local Rule 202(b), Lee states that "[c]ounsel does not intend to appear or bring any application in State Court for the approval of the settlement because the District Court has the jurisdiction and authority to rule on the parties before it and the funds it holds." (ECF No. 31, pp. 4-5). Further, "since this case would have been tried to the Court, there is no apparent State Court interest or capacity that the Federal Court lacks in considering whether the settlement is fair." (*Id.* at 5). Lee contends that the application falls under the second method for approval, Local Rule 202(b)(2), which applies "[i]n all other actions" and does not require initial state court approval. (*Id.*).

The Court appreciates Lee's argument and recognizes that there appears to be no ancillary state court action pending and that this Court has subject-matter jurisdiction over the case. *See Penn-Star Ins. Co. v. Thee Aguila, Inc.*, No. CV219365PSGRAOX, 2022 WL 17224687, at *2 (C.D. Cal. Mar. 29, 2022) ("A court may exercise subject matter jurisdiction over a rule interpleader action under 28 U.S.C. § 1332 if there is complete diversity of citizenship between the plaintiffs-in-interpleader and the defendants-in-interpleader and the amount in controversy exceeds $75,000."). The Court also acknowledges that Federal courts have a duty to review proposed settlements in cases involving minors. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (noting "special duty" to review minor's settlement to make sure the interests of the minor were protected).

Nevertheless, the settlement falls within the scope of Local Rule 202(b)(1), which requires state court approval of the settlement before it is submitted to this Court for approval. This Court does not have "exclusive jurisdiction" over the claims in this case, which concern life insurance benefits filed in this Court pursuant to diversity jurisdiction. *See Zora Analytics, LLC v. Sakhamuri*, No. 13-CV-00639 JM WMC, 2014 WL 1289450, at *5 (S.D. Cal. Mar. 27, 2014) (noting that "state courts and federal courts share concurrent jurisdiction over diverse actions").

Moreover, the Court has found multiple cases enforcing Local Rule 202(b)(1) in similar circumstances. *See, e.g.*, *Primerica Life Ins. Co. v. Cassie*, No. CIV. 2:12-1570 WBS, 2013 WL 1705033, at *1 (E.D. Cal. Apr. 19, 2013) (noting in interpleader action concerning death benefits that state court first approved minor's settlement agreement under Local Rule 202(b)(1)); *K.B. v.*

4

*Garfield Beach CVS, LLC*, No. 1:19-CV-00507-AWI-BAM, 2020 WL 4916421, at *2 (E.D. Cal. Aug. 21, 2020) (noting state court's initial approval of minor's settlement in compliance with Local Rule 202(b)(1)); *Sykes v. Shea*, No. CV 2:16-2851 WBS GGH, 2018 WL 2335774, at *1 (E.D. Cal. May 23, 2018) (same). The Court has not located, nor has Lee cited, any contrary authority.

Further, the Court notes that the state court order appointing Lee as guardian states: "The guardian is not authorized to take possession of money or any other property without a specific court order." (ECF No. 1-8, p. 3). Thus, there appears to be some ongoing state interest in Lee's guardianship over the minors.

### IV.    FINDINGS AND RECOMMENDATIONS

For the reasons given above, IT IS RECOMMENDED as follows:

1. The application for approval of the Minors' settlement (ECF No. 28) be denied without prejudice.
2. Lee be given leave to file a new application, complete in itself and without reference to her previous application or supplement, fully complying with the Court's Local Rules and all other applicable law following state approval of the settlement

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\
\\\
\\\
\\\
\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 1, 2023**__                    /s/ *Erica P. Grosjean*
                                                                                UNITED STATES MAGISTRATE JUDGE

6