UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE INSURANCE COMPANY OF THE SOUTHWEST,<br><br>    Plaintiff in Interpleader,<br><br>    v.<br><br>JOEY MUA, et al.,<br><br>    Defendants in Interpleader | Case No.  1:22-cv-00075-ADA-EPG<br><br>ORDER REGARDING STATUS REPORT<br><br>(ECF No. 40) |

This is an interpleader action concerning the disbursement of funds from a life insurance policy. The parties have reached a settlement, and Defendant Youa Lee, who is the state-appointed Guardian of Minor Defendants C.A.M. and E.K.M., has filed three applications for approval of minors' settlement, which have all been denied without prejudice based on Lee's failure to first obtain state court approval of the settlement as required by Local Rule 202(b)(1). (*See* ECF Nos. 32-37). Now before the Court is Lee's status report. (ECF No. 40).

The status report states that the state court has approved the Minors' compromise, attaching a copy of a state order dated July 18, 2023, as an exhibit to the status report. Further, it states that Lee is prepared "to refile the prior application made to this Federal Court, and adding the State Court Order, Exhibit A, seeking a final order on the approval and distribution of the funds held by the Clerk of the Federal Court." (*Id.* at 1-2). The status report then expresses some confusion as to distribution process stating as follows: "[I]f this Federal Court's order is to

1

complete the disbursement through the State Court, the State Court will only make final orders on funds it holds, and make such orders in the exact amounts of the funds, including interest." (*Id.* at 2). Lastly, the status report suggests states as follows:

> It appears more efficient for the Federal Court to receive the State Court Order of July 18, 2023, as attached to this report, and either approve the prior Application for Approval of the Minor's Compromise filed with a proposed order (ECF No. 36) or to clarify the completion of this matter (as this is an unusual process) that a Fourth Application for Approval of the Minor's Compromise should be filed.

(*Id.*).

Generally, the Court understands Lee to be asking about the next step in the process. On this point, the Court directs Lee to the latest order from the presiding District Judge, which denied her third application and stated as follows: "Defendant Lee is granted leave to file a new application, complete and without reference to her previous applications or supplement, fully complying with the Court's Local Rules and all other applicable law following state approval of the proposed settlement." (ECF No. 37, p. 2). Accordingly, Lee should file a new application that does not reference her prior filings and ensure that she complies with the applicable law regarding approval of minors' settlements. *See* Local Rule 202.

Before concluding, the Court notes some miscellaneous issues. First, the state court order attached to the status report contains confidential information, *e.g.*, the unredacted names of the minors and the full birthdate for E.K.M. *See* Fed. R. Civ. P. 5.2(a)(2)-(3). While state court records can, in certain circumstances, be exempt from the redaction requirement, it is not clear that such circumstances apply here. *See* Fed. R. Civ. P. 5.2(b). Accordingly, the Court will direct the Clerk of Court to seal the joint status report and for Lee to file either (1) a properly redacted version of the state court order along with her anticipated application for approval of the Minors' settlement, or (2) some explanation in the application for why confidential information in the state court order should not be redacted.

Second, the Court notes that, on the state court order, E.K.M.'s birthyear is listed as 2005, with a birth month that would make E.K.M. eighteen years old now. (ECF No. 40, p. 7). This is third different birthyear provided for E.K.M. A state court filing attached to the complaint identifies the Minors' birth years as 2008 and 2006. (ECF 1-8, p. 7). However, a declaration by counsel provided with an earlier application identified E.K.M.'s birth year as 2004. (ECF No. 28,

2

p. 6). After the Court pointed out this discrepancy in an order requiring a supplement (ECF No. 30, p. 4), counsel represented that the birth year for E.K.M. was indeed 2006. (ECF No. 31, p. 7). The Court is troubled by these discrepancies and reminds counsel of the importance of providing accurate information, including in any renewed application for approval of the Minors' compromise.

Third, it is not clear whether all the terms of the settlement that were presented to this Court were presented to the state court, *e.g.*, the state court order is blank on part of the form that is supposed to list the gross settlement amount. (ECF No. 40, p. 5). Lee shall specify in her application whether the state court was provided with all the information that this Court was given regarding the terms of the settlement, and if not, provide a reason for not doing so.

Based on the above, IT IS ORDERED as follows:

1. Defendant Lee is ordered to file an application for approval of the Minors' settlement by no later than August 25, 2023.
2. The Clerk of Court is directed to seal the status report (ECF No. 40) in its entirety.

IT IS SO ORDERED.

Dated:  **July 26, 2023**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

3