UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE INSURANCE COMPANY OF THE SOUTHWEST, | Case No. 1:22-cv-00075-ADA-EPG |
| Plaintiff in Interpleader, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THE APPLICATION FOR APPROVAL OF MINORS' SETTLEMENT BE APPROVED |
| v. | |
| JOEY MUA, et al., | (ECF No. 44) |
| Defendants in Interpleader. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

This matter is before the Court on the application for approval of minors' settlement filed by Defendant Youa Lee, who is the state-appointed Guardian of Minors C.A.M. and E.K.M. (ECF No. 44). The presiding District Judge has referred the application for the preparation of findings and recommendations. (ECF No. 46).

Having considered the application, the terms of the settlement, and the record in this matter, the Court finds the proposed settlement to be fair and reasonable and in the Minors' best interests. Thus, the Court will recommend that the application be approved.

**I.   BACKGROUND**

Plaintiff Life Insurance Company of the Southwest initiated this action on January 19, 2022, by filing a complaint in interpleader regarding the disbursement of funds from a life insurance policy among individuals with conflicting claims to those benefits, Defendants Joey

1

Mua, Lillian Mua, Mainhia Vue, and Lee, individually, and as the guardian ad litem for Minors C.A.M. and E.K.M. (ECF No. 1). The Court's jurisdiction over this matter is based on the parties' diversity of citizenship. (*Id.* at 2); *see* 28 U.S.C. § 1332. Among other documents attached to the complaint, is a copy of an order, dated October 16, 2021, from the Merced Superior Court, appointing Lee as the guardian for C.A.M. and E.K.M. (ECF No. 1-8).

After obtaining the Court's approval (ECF No. 18), Plaintiff deposited $266,865.05 in the Court's Registry. (ECF No. 19). With the deposit of the funds, Plaintiff was terminated as a party to this action. (ECF No. 18).

On December 9, 2022, the remaining parties notified the Court that they had reached a settlement following a private mediation on December 1, 2022. (ECF No. 25). On December 14, 2022, the parties filed a stipulation regarding their settlement, accompanied by a proposed order for the distribution of the funds in the Court's Registry. (ECF No. 27).

Thereafter, Lee filed a series of applications for approval of the Minors' settlement, which were ultimately denied because she failed to have the settlement "first be approved by the state court having jurisdiction over the personal representative," herself in this instance, as required by Local Rule 202(b)(1). (*See* ECF Nos. 28, 30, 31, 32, 33, 35, 36, 37). On August 14, 2023, Lee filed the instant application for approval of the Minors' settlement, stating that she has now obtained state court approval of the settlement, and providing a copy of an order from the Merced Superior Court approving the settlement. (ECF No. 44). The application contains a declaration from counsel, identifying the birth year for the Minors, the sex of each, an explanation of the underlying dispute over the life insurance funds, and an overview of how the case was settled after mediation and the settlement terms. (*Id.* at 8-12). No party in this case has filed any opposition, or any other filing, in response to the application. *See* Local Rule 230(c) (providing fourteen days to oppose a motion after its filing).

**II.     TERMS OF THE SETTLEMENT**

Of the roughly $266,865.05[1] in funds to be disbursed, the settlement calls for $115,000 to be disbursed to Vue, with the remainder of the amount, including accrued interest, to be disbursed in 25% shares to Joey Mua, Lillian Mua, C.A.M. and E.K.M. (*Id.* at 5). For the Minors, after the

---

[1] An exact amount is not available because of interest accruing on the funds.

deduction of attorney fees and costs, the remaining amounts will be placed in a blocked account for each, with no withdrawals being permitted until they turn eighteen. (*Id.* at 6). Attorney fees for counsel is a 25% contingency fee. (*Id.* at 11). Costs include a proportional mediator fee of $337.50 for each minor and total additional costs of $503.49 (this includes $460.77 for the filing of the state court petition for approval of the settlement, $30.00 for a court reporter fee, and $12.72 for the cost of the state court order).

Vue has not provided calculations for the ultimate amount each Minor will receive. By the Court's estimation, the amount recovered by each Minor will be approximately $27,885.46, as demonstrated by the following calculations:

From the $266,865.05[2] disbursement amount, $115,000, the amount being paid to Vue, will be deducted, leaving $151,865.05 to be split in 25% shares to Joey Mua, Lillian Mua, C.A.M. and E.K.M.. From the $151,865.95, each Minor will receive 25% of this amount, or approximately $37,966.26. From the $37,966.26, each Minor will have 25% in attorney fees deducted, or approximately $9,491.56, leaving each Minor with a remainder of approximately $28,474.70. From the $28,474.70, each Minor will have their proportional fee, $337.50, deducted to cover their cost of the mediation, leaving them with approximately $28,137.20. From the $28,137.20, each minor will have presumably half of the $503.49 in court costs, *i.e.*, $251.74, deducted, leaving each Minor with approximately $27,885.46 after all deductions.

### III. LEGAL STANDARDS

Local Rule 202 governs approval of a minor's settlement. It states, in relevant part:

> (b) Settlement. No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> (1) Initial State Court Approval. In actions in which the minor or incompetent is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative. Following such approval, a copy of the order and all supporting and opposing documents filed in connection therewith shall be filed in the District Court with a copy to all parties and to the Judge or Magistrate Judge who may either approve the settlement or compromise

---

[2] Once again, exact amount is not available because of interest accruing on the funds.

> without hearing or calendar the matter for hearing.
>
> (2) Approval in All Other Actions. In all other actions, the motion for approval of a proposed settlement or compromise shall be filed and calendared pursuant to L.R. 230. The application shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .

Local Rule 202(b)(1)-(2). Additionally, under Local Rule 202(e),

> Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor[.]

*Id.* at 202(e).

Federal Rule of Civil Procedure 17(c) also imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In this inquiry, the district court is required to evaluate "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1182. However, in *Robidoux,* the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.*

**IV.   DISCUSSION**

Here, Lee was appointed as guardian of the minors by Merced Superior Court. (ECF No. 1-8). And Lee has attached a state court order from the Merced Superior Court approving the Minors' settlement. (ECF No. 44-1). Accordingly, the Court concludes that Local Rule 202(b)(1), which requires initial state court approval of the settlement, has been satisfied. Moreover, the

application, through the declaration of counsel, discloses the following information required by Local Rule 202(b)(2): the age (via their birth year) and sex of each Minor; the fact that the cause of action involves a dispute over life insurance funds, an explanation of the basic facts leading to the dispute, and an overview of how the case was settled at a mediation. (ECF No. 44, pp. 8-9).

As to whether the net settlement amount for each Minor is fair and reasonable in light of the facts of the case and claims, the declaration of counsel states as follows:

> The minors's mother, YOUA LEE, separated from the insured decedent, who is the father of the two minors and the other two older children, on the Mua family side. The separation was sometime after the life insurance policy was purchased. The main issue in the interpleader is whether the Beneficiary Designation form signed by the insured when the policy as first purchased would control, or if the claims of Defendant-in-Interpleader MAINHIA VUE, the later wife of the insured, that community property funds were used to pay for the policy and that part of the policy benefits must go to the community.
>
> The parties, through their attorneys, had substantial discussions about the insurance and other issues in the case. The parties engaged in written discovery, to which full responses were provided. The parties produced documents to each side that supported, to some degree, the arguments made by each side. The parties then engaged in a private mediation, with Daniel Quinn, of Quinn & Kronlund, LLP, in Stockton, California, who is an attorney who conducts many mediations, serving as a mediator, and who has significant experience with probate type litigation. The settlement agreement reached and signed by all the parties is consistent with the intentions of the insured as previously expressed in writing.
>
> . . . .
>
> Based on my experience in insurance, and because of the difficult emotional, legal and factual issues faced by my clients, I work closely on cases such as this case, myself. I have reviewed documents, investigated, sought additional documents, interviewed witnesses, written memoranda, and a detailed mediation brief. This is a case that was also well prepared through informal and background efforts, and there were good communications with the mother and guardian of the children.
>
> . . . .
>
> This case did involve hard-fought issues and appeared likely to require a trial, which could have required testimony and documents over two days or more. The documents from the life insurance company were somewhat lengthy and were reviewed closely.
>
> . . .
>
> The two minors will have an equal share with their two older non-minor siblings, of the approximate half of the total benefits (plus accrued interest) that the Court distributes. This is consistent with the Beneficiary Designation made by their father.

5

> The mother of the minors, who has custody of the minors, and will cooperate in compliance with the Court's Order for the minors proceeds to be deposited, into separate accounts for each of the minors, at a local branch of large bank. The accounts will be interest bearing, and any withdrawals from the accounts will not be permitted until the minor's each turn eighteen years of age, without further orders of this Court. If any unforseen circumstances arise requiring the amendment or change of the Court's orders for the deposit and time of withdrawal, an application will be made to this Court.

(*Id.* at 8-10).

Here, it appears based on counsel's representations that the issues were heavily disputed and the parties ultimately determined that a settlement was in the best interests for all involved. The four Mua children will collectively receive approximately $152,000, which is over half the $266,865.05 deposited with the Court. And from this amount, each of the Minors receives 25%, with their two siblings receiving the other collective half. After a 25% deduction for attorney fees and rather small miscellaneous fees, each minor will receive approximately $27,885.45, which will be deposited into a blocked account and available to them when the turn eighteen. Lastly, the Court gives weight to the fact that the state court has initially approved the settlement. Based on these circumstances, the Court concludes that the settlement is fair and reasonable for each Minor.

## V. FINDINGS AND RECOMMENDATIONS

For the reasons given above, IT IS RECOMMENDED as follows:

1. The application for approval of the Minors' settlement (ECF No. 44) be approved.
2. The District Judge order distribution of the funds deposited with the Court as follows:
   a. $115,000 to be deposited to Defendant-in-Interpleader Mainhia Vue, through her counsel of record, Kim Flores, Berliner Cohen, LLP, 548 West 21st St., Merced, California 95340 telephone (209) 385-0700 and (209) 385-3789 email: Kim.Flores@berliner.com. The payment should be made payable to the "Berliner Cohen LLP Attorney Client Trust Account" and mailed to that office address. Counsel for Mainha Vue shall provide any other documents needed by the Clerk to complete this disbursement.
   b. The remaining funds, *i.e.*, the remaining principal and any interest that has accrued, shall be paid for the benefit of the four other Defendants-in-Interpleader

    of the Mua Family.[3] Defendant-in-Interpleader Joey Mua and Defendant-in-Interpleader Lillian Mua are to receive each 25% of the remaining funds, through their counsel of record, with the check made payable to "Adept Law Firm, Attorney Client Trust Account" sent to Joseph S. Fogel, Adept Law Firm, 4500 Park Granada, Suite 202 F, Calabasas, CA 91302-1663 telephone (818) 986-7100. This payment shall be a total of 50% of the remaining funds, including any amounts of interest that have accrued after the deposit of the funds with the Court. Counsel for Lillian Mua and Joey Mua shall provide any other documents needed by the Clerk to complete this disbursement.

 c. The other 50% of the remaining funds, including any amounts of interest that have accrued after the deposit of the funds with the Court, shall be paid for the benefit of Defendants-in-Interpleader C.A.M., a minor (25%) and E.K.M., a minor (25%), with the check made payable to "Adept Law Firm, Attorney Client Trust Account" sent to Joseph S. Fogel, Adept Law Firm, 4500 Park Granada, Suite 202 F, Calabasas, CA 91302-1663 telephone (818) 986-7100.

  i. Counsel for the Minors' claim is approved and granted, and their counsel may deduct 25% of the amounts received for each minor as attorney fees, and may deduct the amount of $337.50 from each minor's funds for costs, with the remaining net amounts for the benefit of each minor. The State Court filing required the payment of additional costs for filing the Petition for Approval ($460.77), for payment of a Court reporter fee ($30.00) and

---

[3] The proposed disbursement order was ambiguous as to whether Joey and Lillian Mua would get a share of the interest that has accrued. (See ECF No. 44-2, p. 2 – "This payment [to Joey and Lillian Mua] shall be a total of 50% of the remaining funds, including any amounts of interest that have accrued after the deposit of the funds with the Court."). However, the application itself and accompanying declaration of counsel indicate that the Minors would share equally in the interest that has accrued since the deposit of the funds. (ECF No. 44, p. 5 – "The other remaining funds, *including any interest, are to be paid pursuant to the settlement, to the Mua family*, through their attorney of record, Adept Law Firm, Joseph S. Fogel.") (Emphasis added); (*id.* at 10 – "The two minors will have an equal share with their two older non-minor siblings, of the approximate half of the total benefits (plus accrued interest) that the Court distributes. This is consistent with the Beneficiary Designation made by their father."). Accordingly, the Court has included language in the proposed disbursement order to make it clear that all four Mua children will equally share in the interest that has accrued on the funds deposited with the Court. If any party believes this is incorrect, they may file objections to this order.

the cost for the order ($12.72) for total additional costs of $503.49 paid on behalf of the minors, and which is an additional cost for repayment.

   ii. Those remaining net amounts, for each minor, shall be deposited in a blocked account, for the benefit of the minor, available to the minor upon turning 18. The account shall be at a Federally regulated and FDIC insured financial institution. The Court shall retain jurisdiction over the Minor's interests, until each turns 18.

3. The parties be directed to file a stipulation of dismissal within thirty days of the disbursement of the funds.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 8, 2023**           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

8